UNITED STATES, Appellee,

v.

Staff Sergeant Michael R. JOHNSON, 433–17–2699, United States Army, Appellant.

ARMY 9500389.

U.S. Army Court of Criminal Appeals.

11 Feb. 1997.

---

For Appellant: Captain Mark A. Bridges, JA (argued); Lieutenant Colonel Michael L. Walters, JA (on brief).

For Appellee: Captain Robert F. Resnick, JA (argued); Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Captain Joanne P. Tetreault, JA (on brief).

Before TOOMEY, RUSSELL, and CARTER, Appellate Military Judges.

## OPINION OF THE COURT

TOOMEY, Senior Judge:

Appellant was tried before a general court-martial composed of officer and enlisted members. Contrary to his pleas he was convicted of carnal knowledge, sodomy, and indecent acts with a child, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 934 (1988) [hereinafter UCMJ]. The approved sentence consists of a bad-conduct discharge, confinement for eighteen months, and reduction to Private E1.

The appellant has assigned four errors, all of which we find to be without merit.* During oral argument, counsel for the appellant also asserted that the military judge improperly limited the evidence he considered to determine the trustworthiness of the victim's out-of-court statement. We agree, but find no prejudice to the appellant.

### FACTS

This case involves the somewhat common scenario of a child, A, who, after accusing her father of sexual abuse in a sworn written statement, recants her accusation and is pre-

---

* Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), the appellant also raises two

pared to testify at trial that her father never abused her. To avoid the devastating effect of the victim's impending recantation testimony, the government sought to introduce A's sworn written accusation pursuant to Military Rule of Evidence 803(24) [hereinafter Mil. R. Evid.]. At a pretrial hearing, the government and the appellant presented evidence relevant to the trustworthiness of A's statement. A testified, denied that the appellant sexually abused her, and recanted her original statement. The government relied upon circumstances contemporaneous with the taking of A's statement to demonstrate the statement's trustworthiness. The defense relied upon A's testimony and non-contemporaneous events to demonstrate that A's original statement lacked trustworthiness. The military judge admitted the statement over defense objection, concluding:

> As I read the law, the inherent trustworthiness of a hearsay statement to be admitted under the residual hearsay exception can only be determined by circumstances *existing at the time that the statement was taken,* and *it's not permissible to look at subsequent events* in evaluating the trustworthiness of those circumstances at the time the statement was taken (emphasis added).

Appellant's appellate counsel asserted for the first time during oral argument that the military judge erred to appellant's prejudice when he failed to consider non-contemporaneous evidence in evaluating the hearsay statement's trustworthiness. While we agree that the evidentiary standard articulated by the military judge for evaluating the trustworthiness of residual hearsay under Mil. R. Evid. 803(24) where the statement's author testifies was erroneous, we are satisfied that the appellant was not prejudiced.

### LAW

In *United States v. McGrath,* 39 M.J. 158, 164–67 (1994) ... [the United States Court of Appeals for the Armed Forces] identified a fundamental difference between

---

errors which we find to be without merit.

[Mil. R. Evid. 803(24) and Mil. R. Evid. 804(b)(5) ]. *Where the declarant actually testifies, the military judge may look beyond the circumstances of the declaration and consider corroborating evidence to determine if the declaration is sufficiently trustworthy to be admitted.* Where the declarant does not testify, however, the military judge may consider only those circumstances "that surround the making of the statement and that render the declarant particularly worthy of belief." *United States v. Pollard,* 38 M.J. 41, 49 (C.M.A.1993), quoting *Idaho v. Wright,* 497 U.S. 805, 819, 110 S.Ct. 3139, 3148, 111 L.Ed.2d 638 (1990).

*United States v. Ureta,* 44 M.J. 290, 296 (1996) (emphasis added).

### DISCUSSION

■ While the court in *McGrath* approved only the admissibility of non-contemporaneous "corroborating" evidence in evaluating the trustworthiness of a testifying witness's out of court declaration offered as Mil. R. Evid. 803(24) residual hearsay, we are satisfied that the *McGrath* rationale may be extended to permit consideration of any relevant non-contemporaneous evidence, including impeaching evidence. Accordingly, we find that the military judge erred as a matter of law when he concluded that he could not, in his discretion, consider non-contemporaneous events relevant to the trustworthiness of A's accusatory statement. However we are satisfied that the military judge's error was not prejudicial to the appellant.

### EVIDENCE CONSIDERED BY THE MILITARY JUDGE

■ The military judge considered the following contemporaneous circumstances of A's sworn written statement as guarantees of its trustworthiness: A volunteered the allegation of sexual abuse after a minimal inquiry in conjunction with the physical abuse investigation; the allegations were not taken or elicited solely by law enforcement agents; A's allegation was developed by open-ended rather than conclusionary leading questions; A understood and acknowledged the need for truthfulness in her allegations; A repeated the allegation to several interviewers in separate interviews; there was a several hour lapse before the interview by a Criminal Investigation Command (CID) agent; the written and signed statement was A's; and when A signed the statement, A was aware of the statement's contents, willfully and knowingly signed it, and swore to the statement's truthfulness. In evaluating the circumstances of A's declarations, the military judge also considered expert testimony concerning "Child Sexual Abuse Accommodation Syndrome." He noted that the "detail" of the complaint, an aura of "secrecy" surrounding the abuser's and victim's conduct in sexual abuse cases, and the "progressive" nature of the sexual abuse are indicia of reliability in such cases.

### NON–CONTEMPORANEOUS EVIDENCE AVAILABLE TO THE MILITARY JUDGE

We find that the following non-contemporaneous evidence of record was material to the issue of trustworthiness. UCMJ art. 66(c); *see Ureta,* 44 M.J. 290.

Evidence tending to impeach the trustworthiness of A's hearsay accusation includes: A's testimony that her sexual abuse allegation was a lie; A's testimony that she actually recanted her complaint to a Major Brown the same night as she made her sworn written statement, but that Major Brown told her she was in denial; A's inaccurate description of her father's penis (one of the noteworthy "details" of the complaint); appellant was not shown to have a sexually transmitted disease (chlamydia) that A was found to have the week after her complaint; A's sexual knowledge (another "detail" of such complaints) was gained, at least in part, from her precocious sexual activities with others; A knew that her sister S made and recanted a similar complaint approximately six years before; A stated that her initial attempts to recant her statement to Special Agent (SA) McMahon were rebuffed because of SA McMahon's personal sexual abuse experience; and A subsequently filed false sexual abuse allegations against one of the Child

Protective Services Specialists handling her case.

Conversely, evidence tending to corroborate the trustworthiness of A's hearsay accusations includes: A alleged that her mother interrupted one of the sexual acts; A's mother confirmed witnessing such a sexual act to two separate witnesses; SA McMahon testified that A told her that the sexual abuse allegation was true, but she was recanting because the appellant told her the abuse would stop, and A wanted to end problems in the family; while the multi-disciplinary team was aware of S's earlier sexual abuse allegation when interviewing A, they were not aware of the specific facts alleged in S's complaint; A's allegation of sexual abuse was virtually identical to S's earlier allegation; both A and S testified that they had never discussed the substance of S's allegation; A testified that she was not aware of the facts alleged in S's sexual abuse allegation; A persisted in her initial complaint even after being advised how the investigation would proceed and that the inquiry could lead to her, or her father, being removed from the family home; after making the sexual abuse allegation A was removed from the home and placed in a temporary foster home and then in a group home; A was unhappy being away from home and with the group home's discipline, testified that her mother told her that she could remove all her belongings from the family quarters, and was fearful of being shuttled between a series of temporary homes; and A admitted making a false sexual abuse complaint against one of her Child Protective Services specialists to interfere with the investigation after A attempted to recant her sworn signed statement.

Evaluating the totality of contemporaneous and non-contemporaneous evidence available to the military judge to determine the trustworthiness of the Mil. R. Evid. 803(24) evidence, we find that the overwhelming weight of the evidence supports the statement's reliability. UCMJ art. 66(c). Moreover, the statement "is 'necessary' to prove the case and 'more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts.' Mil. R. Evid. 803(24)." *Ureta,* 44 M.J. at 296–97 (citation omitted).

Accordingly, the military judge's failure to apply the correct standard in evaluating the trustworthiness of A's sworn written statement was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

The findings of guilty and the sentence are affirmed.

Judge RUSSELL and Judge CARTER concur.